UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
GILBERT BACALLAO,

                    Plaintiff,

        - against -

CITY OF NEW YORK, NYC DEPARTMENT OF
CORRECTIONS, DOC COMMISSIONER JOSEPH
PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA
GRIFFIN, CORRECTION OFFICER NAKIA GALES,
CORRECTION OFFICER HERMAN JIMINIAN and
JOHN/JANE DOE(S) #'S 1-10,

                    Defendants.
-------------------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY ON
ALL ISSUES**

      Plaintiff, GILBERT BACALLAO, by his attorneys, LAW OFFICE OF MATTHEW B.

WALLER, ESQ. and NASS & ROPER LAW LLP, complaining of the Defendants, respectfully

alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiff, GILBERT BACALLAO, seeks

      damages to redress the deprivation, under color of state law, of rights secured to him

      under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States

      Constitution.  On or about January 29th, 2014 at approximately 8:00 p.m., Plaintiff

      was at Rikers Island, namely the Vernon Bain Center, when Defendants used

      excessive force in effectuating a false arrest, denied Plaintiff medical treatment,

      conspired to fabricate false charges against him and forwarded false documents to

      prosecutors.  Plaintiff was assaulted by Defendants including, but not limited to,

      CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS, DOC

      COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT,

1

LINDA GRIFFIN, CORRECTION OFFICER NAKIA GALES, CORRECTION

OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-10. As a result of

the conduct of Defendants, Plaintiff suffered severe physical and mental injuries.

## II. JURISDICTION

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which

provides for original jurisdiction in this court of all suits brought pursuant to 42

U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases

brought pursuant to the Constitution and laws of the United States. This Court has

pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3.    Plaintiff, GILBERT BACALLAO, is a citizen of the United States and at all times

here relevant was a pre-trial detainee at the Vernon Bain Center (hereinafter

"VCBC"), a prison barge jail on Rikers Island.

4.    Defendant, CITY OF NEW YORK (hereinafter "CITY"), is a municipal corporation,

incorporated pursuant to the laws of the State of New York, which operates the New

York City Department of Corrections, and as such is the public employer of the

Defendant officers herein.

5.    That, upon information and belief and at all times herein mentioned, Defendant,

NEW YORK CITY DEPARTMENT OF CORRECTIONS, (hereinafter "DOC") is an

agency of Defendant, CITY OF NEW YORK, and conducts business in the Counties

of Bronx and New York in the State and City of New York.

6.     Defendant, DEPARTMENT OF CORRECTIONS COMMISSIONER JOSEPH
PONTE was at all times here relevant the Commissioner of DOC.  As such Ponte was
personally involved in creating and continuing DOC and City policies referenced
herein, and was personally involved in training, supervision, and discipline of DOC
officers, including some of the individual defendants herein.

7.     Defendant, LEWIS FINKLEMAN, was at all times here relevant the First Deputy
Commissioner, supervising all on Wardens on Rikers Island.  As such, he was
personally involved in creating and continuing DOC and City policies referenced
herein, and was personally involved in training, supervision, and discipline of DOC
officers, including some of the individual defendants herein.

8.     Defendant, MARK SCOTT, was at all times here relevant the Supervising Warden
Security on Rikers Island.  As such, he was personally involved in training,
supervision, and discipline of DOC officers, including some of the individual
defendants herein.  SCOTT was also responsible for investigating and correcting
systematic security problems at VCBC.

9.     Defendant, LINDA GRIFFIN, was at all times here relevant the VCBC Warden on
Rikers Island.  As such, she was personally involved in training, supervision, and
discipline of DOC officers, including some of the individual defendants herein.
GRIFFIN was also responsible for investigating and correcting systematic security
problems at VCBC.

10.    Defendant, CORRECTION OFFICER HERMAN JIMINIAN was a New York City
Department of Corrections Officer, and at all relevant times hereto, acted in that

capacity as an agent, servants and/or employee of Defendant CITY and within the scope of their employment.

11.   Defendant, CORRECTION OFFICER NAKIA GALES was a New York City Department of Corrections Officer, and at all relevant times hereto, acted in that capacity as an agent, servants and/or employee of Defendant CITY and within the scope of their employment.

12.   Defendants, JOHN/JANE DOE(S) #'s 1-10, were NYPD or DOC officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

13.   At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of the Department of Corrections and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

14.   On and around January 29, 2014 at VCBC, Plaintiff was led into a room by Defendants.

15.   Once Plaintiff was in the room, another door was opened by Defendants, and multiple prisoners, including but not limited to Percy Ayers, Troy Roberts, Edwin Martinez, and Luis Garcia, were allowed to rush into the room and assault Plaintiff.

16.   While Plaintiff was on the ground, Defendants, CORRECTION OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-10, struck him multiple times causing serious and permanent injuries.

4

17.   Once the assault had ended, Plaintiff requested that he receive medical attention but was denied that right by Defendants, CORRECTION OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-10, so that Plaintiff would be unable to tell the medical staff how he was injured.

18.   That on or around June 5th, 2014, Defendants, CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-10, falsely arrested Plaintiff and charged him with fictitious criminal activity arising out of their assault on him on January 29th, 2014.

19.   That Defendants, CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-10, testified fraudulently before the Grand Jury in order to ensure the false charges against Plaintiff would be indicted, and filed false reports against Plaintiff which were later confirmed by the New York City Inspector General's Office to be false.

20.   Plaintiff would be forced to make approximately ten (10) court appearances before all charges against Plaintiff were dismissed on or around October 16, 2014.

21.   At all times during the events described above, Defendants, CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION

OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-10, were engaged in a joint venture and formed an agreement with each other and with other inmates to violate Plaintiff's constitutional rights. The inmates referred to this as *"The Program."* The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They also failed to intervene in the illegal actions of their fellow officers and other inmates against Plaintiff. They acted maliciously and with intent to injure plaintiff, and in doing so caused severe physical and emotional injuries; all of which may be permanent.

### i. "The Program"

22.     On and around January 29, 2014 at VCBC, inmates were often put in charge of enforcing rules and discipline in jail housing units. Officers relied upon inmates to enforce discipline, and that the inmate enforcers were gang members who were paid in commissary and additional privileges by the officers. The officers themselves regularly used violence to enforce discipline in the housing areas, and they also directed and tolerated other inmates using violence to enforce discipline. This particular method of enforcing discipline is referred to as "The Program."

### ii. City's Notice of "The Program"

23.     On February 7, 2007, the City was served with an amended complaint in the case of Donald Jackson v. City of New York, et al, filed under docket number 04-CV-5799 in

the United States District Court, Southern District of New York. That complaint alleged that an inmate who assaulted the plaintiff was acting as a disciplinarian for correction officers and that such a scheme was common in City correctional facilities. The inmate who assaulted Donald Jackson testified under oath that he did so as an enforcer for correction officers. A deposition of an individual officer in the case corroborated that he knew that correction officers used inmates as enforcers. That officer, who was a probationary officer at the time of the incidents complained of, was fired. The case settled for $500,000.00 and was the subject of several detailed newspaper articles, including repeated articles by the Village Voice, which posed formal press inquiries to the New York City Department of Correction and to Horn.

24.     On February 13, 2008, the City of New York was sued in the United States District Court, Southern District of New York, docket number 08-CV-1509, <u>Antonio Madera v. City of New York, et al</u>. In that matter, Antonio Madera ("Madera"), sued at least two of the same correction officers as named in the present complaint and alleged many of the same specifics as the present complaint: that correction officers conspired with inmates to assault Madera, that correction officers denied medical attention to Madera and that those same officers falsified officer documents to conceal the source of Madera's injuries.

25.     On May 25, 2008, a correction officer named Lloyd Nicholson was indicted in New York State Supreme Court, Bronx County, under indictment #710-2008, on allegations he used inmates as disciplinarians and enforcers. Despite this arrest, the practices in question continued with the City's knowledge. Any efforts the City took

to eliminate the practices were largely ineffective and did not address the long
standing deficiencies alleged here.

26.     The death of Christopher Robinson on October 16, 2008 by a member of the *Bloods*
gang resulted in the indictment of correction officers, McKie, Nelson, and Albright
under Indictment number 313-2009 Supreme Court, Bronx County.  Attached as
**Exhibit A** is the May 6, 2012 article by Brad Hamilton of the New York Post which
highlights the use of "The Program."  The article describes how the correction
officers used "The Program" to control the prison population, but the New York City
Department of Corrections denies the existence of "The Program."  Legal Aid
attorney John Boston states in the article, "There is no question that the program
system continues."

27.     Numerous other civil cases had also been filed against the City of New York and
litigated, involving serious injuries allegedly received at the hands of inmates acting
with the complicity of correction officers.  In 07-CV-8443, in the Southern District of
New York, Camillo Douglas claimed serious injuries as a result of such beating at
RNDC.

28.     Defendant, MARK SCOTT, during and prior to the events in question, was found to
have "used unnecessary force and impermissible force," and "submitted a false or
misleading report" after an administrative trial.  The administrative law judge in that
trial wrote about "glaring differences between respondent SCOTT'S account of his
actions in his-use-of force report and his conduct as captured on videotape.  The tape
shows SCOTT wielding a 36-inch wooden baton, lifting it overhead with one hand
only, then striking straight down, as though he were spear fishing.  The blow is

8

repeated. Then SCOTT, this time seen using both hands on the baton, strikes down yet again, butt end first, to where the inmate is sprawled across the floor. The use of force proved here was brutal, and resulted in serious injury to the inmate. SCOTT, as a supervisor, not only failed to prevent the beating that occurred on November 4, 1997, but actually promoted it. As a result, Scott was suspended for a period of days, then promoted up the chain of command until he was Deputy Warden for Security at the jail where Plaintiff, GILBERT BACALLAO, was assaulted.

### iii. Subsequent Indictment of Defendant Correction Officers Gales and Jiminian

29.  On September 16, 2015, the Grand Jury of the State of New York, Bronx County, indicted Defendants, CORRECTION OFFICER NAKIA GALES and CORRECTION OFFICER HERMAN JIMINIAN with multiple felony counts, in connection with the severe beating of Plaintiff on January 29th, 2014 **(See Exhibit B)**.

30.  Based upon an investigation by the Bronx District Attorney's Office and New York City Department of Investigation, it has been determined that Defendant, CORRECTION OFFICER NAKIA GALES, is a member of the "Bloods" street gang.

31.  It has also been determined that Defendant, CORRECTION OFFICER NAKIA GALES, on more than one occasion, has used her status as a Bloods gang member to "mete out" discipline to particular inmates. Mark G. Peters, the New York City Department of Investigation Commissioner states, "this is a stunning example of correction officers conspiring with the very inmates they guard to use violence in settling a personal score." It is apparent that officer Gales used her status as a Bloods Gang member to perpetuate "The Program" and use violence against certain inmates.

32. On March 9, 2014, Defendant, CORRECTION OFFICER HERMAN JIMINIAN, was arrested by the New York City Police for assaulting Wenda Cabral, the mother of his son. He was charged with assault, but afterwards returned to work without any repercussions or investigation by Defendants, NYC DEPARTMENT OF CORRECTIONS, as to whether or not he was fit to remain at his position with Defendants.

### iv. Defendants' Lack of Response to "The Program"

33. The practice and custom of corrections officers using inmates as enforcers and disciplinarians was so widespread as to have the force of law.

34. Defendants, CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, failed to discipline, train, or supervise their correction officers regarding the use of inmates as enforcers who promulgate "The Program." It was known 'to a moral certainty' that employees would encounter the temptation to use inmates as enforcers. Such situations present correction officers with a difficult choice, the kind which training will make less difficult. There is a long history of employees mishandling the situation, and the wrong choices by correction officers would frequently have resulted in the deprivation of a citizen's constitutional rights.

35. Defendants, CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, knew that correction officers regularly used inmates as

disciplinarians and enforcers, and that such practices presented an imminent harm to Plaintiff, GILBERT BACALLAO, and other inmates.

36.     In addition to the above mentioned policy failures, Defendants, CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, virtually never discipline officers for not reporting fellow officers' misconduct that they have observed, and they often fail to discipline officers for making false statements to disciplinary agencies.

37.     The investigatory body responsible for monitoring officer behavior, the Inspector General's office, also wrongfully allows officers to write their own reports, rather than interviewing officers individually, whereas complaining inmates are interviewed in person for the same incidents. Such a practice allows officers to fabricate versions of events consistently with each other, a practice commonly known to officers as "writing with me." The standard practice for receiving inmate statements concerning the same incidents, however, consists of personal interviews with the inmates. This disparity in investigatory techniques results in officer statements being far more consistent and uniform than inmate statements, and thus far more readily credited.

38.     When correction officers are sued for injuries sustained by inmates as a result of violence, if there was no finding of wrongdoing by the officer, Defendants, CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, have a policy of representing correction officers through Corporation Counsel instead of

paying outside counsel. This means Corporation Counsel's duty to the individual officers prevents it from reporting problem officers to the Department of Corrections.

39. In addition, there is no formal reporting mechanism between the Comptroller's office and the Department of Corrections regarding the financial losses to the City resulting from lawsuits related to officers' conduct.

40. The Associate of the Bar of the City of New York, Committee on New York City Affairs, published a written report in 1990 recommending that the city create formal reporting mechanisms in case of police abuse, and the recommendations and reasoning apply equally to suits against correction officers. No such reporting mechanisms had been created by the time of the incidents in question.

41. The above described policies and customs and failures to train, supervise, or discipline demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of persons within New York City, and were the cause of the violations of Plaintiff's damages.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

42. Paragraphs 1 through 41 are hereby re-alleged and incorporated by reference herein.

43. That Defendants, CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-10, had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him.

12

44. That in detaining Plaintiff without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

45. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

46. As a result of the above described  policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

47. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

48. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

49. By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
**Pursuant to State Law (FALSE ARREST)**

50. Paragraphs 1 through 49 are hereby re-alleged and incorporated by reference herein.

51. That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

52. That Defendants, NYC DEPARTMENT OF CORRECTIONS, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-10, intended to confine Plaintiff.

53. That Plaintiff was conscious of the confinement and did not consent to it and the confinement was not otherwise privileged.

54. By reason of Defendants acts and omissions, Defendants, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-10, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

55. That by reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

14

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

56.  Paragraphs 1 through 55 are hereby re-alleged and incorporated by reference herein.

57.  That the incident that resulted from the intentional application of physical force by Defendants, CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-10, constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

58.  That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

59.  That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

60.  That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers, the Plaintiff was not actively resisting arrest or attempting to evade arrest.

61.  That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest, and Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

62.  That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of his

rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

63.   That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

64.   That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

65.   That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

66.   That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

67.   By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.


### VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

68.   Paragraphs 1 through 67 are hereby re-alleged and incorporated by reference herein.

69. That the incident that resulted from the intentional application of physical force by Defendants, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-10, constituted a seizure.

70. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances and Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

71. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers and Plaintiff was not actively resisting arrest or attempting to evade arrest.

72. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

73. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York

74. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

17

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT and BATTERY)

75.     Paragraphs 1 through 74 are hereby re-alleged and incorporated by reference herein.

76.     That Defendants, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN,

MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER NAKIA GALES,

CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-

10, intended to cause harmful bodily contact to Plaintiff.

77.     That Defendants, in a hostile manner, voluntarily caused Plaintiff's injuries.

78.     That Defendants contact with Plaintiff constituted a battery in violation of the laws of

the State of New York.

79.     That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries,

emotional injuries, economic injury, trauma, humiliation, terror, damage to

reputation, and other psychological injuries.  All of said injuries may be permanent.


## X. SIXTH CAUSE OF ACTION
### Pursuant to §1983 (MALICIOUS PROSECUTION)

80.     Paragraphs 1 through 79 are hereby re-alleged and incorporated by reference herein.

81.     That Defendants, CITY OF NEW YORK, NYC DEPARTMENT OF

CORRECTIONS, DOC COMMISSIONER JOSEPH PONTE, LEWIS

FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER

NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE

DOE(S) #'S 1-10, with malicious intent, arrested Plaintiff and initiated a criminal

proceeding despite the knowledge that Plaintiff had committed no crime.

18

82. That the criminal matter against Plaintiff was terminated in his favor and the court dismissed the case on October 16, 2014.

83. That there was no probable cause for the arrest or criminal proceeding.

84. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

85. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

86. That upon information and belief it was the policy and /or custom of Defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

87. That as a result of the above described policies and customs, Defendant CITY, its staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

19

88.     That the above described policies and customs demonstrate a deliberate indifference
        on the part of the policymakers of Defendant CITY to the constitutional rights of
        arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

89.     That in so acting, Defendant CITY abused its power and authority as policymaker of
        the NYPD under the color of State and/or local law.

90.     That by reason of the foregoing, Plaintiff suffered physical and psychological
        injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic
        damages including attorneys' fees, damage to reputation, shame, humiliation, and
        indignity.  All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

91.     Paragraphs 1 through 90 are hereby re-alleged and incorporated by reference herein.

92.     That Defendants, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN,
        MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER NAKIA GALES,
        CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-
        10, acted with malicious intent, arrested Plaintiff and initiated a criminal proceeding
        despite the knowledge that Plaintiff had committed no crime.

93.     That the criminal matter has been dismissed in Plaintiff's favor on or around October
        16, 2014.

94.     That there was no probable cause for the arrest and criminal proceeding, and
        Defendants knew, or should have known, that there was no likelihood of a conviction
        of Plaintiff.

20

95.  That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

96.  That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity.  All of said injuries may be permanent.

## XII. EIGHTH CAUSE OF ACTION
### Pursuant to §1983 (DENIAL OF RIGHT TO FAIR TRIAL)

97.  Paragraphs 1 through 96 are hereby re-alleged and incorporated by reference herein.

98.  By fabricating evidence, Defendants, CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-10, violated Plaintiff's Constitutional right to a fair trial.

99.  Defendants were aware, or should have been aware, of the falsity of the information recorded in the reports which were used to prosecute Plaintiff.

100.  That the false information provided to prosecutors by Defendants was relied upon by prosecutors and was likely to influence a jury's decision.

101.  That Plaintiff suffered a loss of liberty from the use of the false documents.

21

102.    As a result of the above constitutionally impermissible conduct, Plaintiff was caused

to suffer personal injuries, violation of civil rights, economic damages, emotional

distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his

reputation and standing within his community.

## XIII. <u>NINTH CAUSE OF ACTION</u>
### Pursuant to State Law (DENIAL OF RIGHT TO FAIR TRIAL)

103.    Paragraphs 1 through 102 are hereby re-alleged and incorporated by reference herein.

104.    By fabricating evidence, Defendants, DOC COMMISSIONER JOSEPH PONTE,

LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION

OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and

JOHN/JANE DOE(S) #'S 1-10, violated Plaintiff's Constitutional right to a fair trial.

105.    Defendants were aware, or should have been aware, of the falsity of the information

recorded in the reports which were used to prosecute Plaintiff.

106.    That the false information provided to prosecutors by Defendants was relied upon by

prosecutors and was likely to influence a jury's decision.

107.    That Plaintiff suffered a loss of liberty from the use of the false documents.

108.    As a result of the above constitutionally impermissible conduct, Plaintiff was caused

to suffer personal injuries, violation of civil rights, economic damages, emotional

distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his

reputation and standing within his community.

## XIV. TENTH CAUSE OF ACTION
### Pursuant to §1983 (CRUEL AND UNUSUAL PUNISHMENT)

109.    Paragraphs 1 through 108 are hereby re-alleged and incorporated by reference herein.

110.    That the attacks on Plaintiff, by Defendants, CITY OF NEW YORK, NYC

DEPARTMENT OF CORRECTIONS, DOC COMMISSIONER JOSEPH PONTE,

LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION

OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and

JOHN/JANE DOE(S) #'S 1-10, were both sadistic in nature and the cause of serious

permanent physical injuries upon Plaintiff.

111.    That Defendants had no good-faith belief that their use of force was used to maintain

or restore discipline against Plaintiff and, instead, maliciously intended to cause

grievous bodily injury to him.

112.    That Defendants use of force to punish Plaintiff was objectively harmful enough to

cause a serious physical injury.

113.    That Defendants violated Plaintiff's Eighth Amendment right to be free from cruel

and unusual punishments.

114.    That upon information and belief, in 2014, Defendant CITY had a policy or routine

practice of using cruel and unusual punishment against prisoners.

115.    That upon information and belief, it was the policy and/or custom of defendant CITY

to inadequately train, supervise, discipline, and/or terminate their officers, staff,

agents and employees, thereby failing to adequately discourage further constitutional

violations on the part of their officers, staff, agents and employees.

23

116.    That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

117.    That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

118.    By reason of the foregoing, Plaintiff suffered serious physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## XV. ELEVENTH CAUSE OF ACTION
### Pursuant to State Law (CRUEL AND UNUSUAL PUNISHMENT)

119.    Paragraphs 1 through 118 are hereby re-alleged and incorporated by reference herein.

120.    That the attacks on Plaintiff, by Defendants, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-10, were both sadistic in nature and the cause of serious permanent physical injuries upon Plaintiff.

121.    That Defendants had no good-faith belief that their use of force was used to maintain or restore discipline, but intentionally caused injury to Plaintiff only to cause grievous bodily injury.

122. That Defendants use of force to punish Plaintiff was objectively harmful enough to cause a serious physical injury.

123. That Defendants violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishments.

124. By reason of the foregoing, Plaintiff suffered serious physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### XVI. TWELFTH CAUSE OF ACTION
### Pursuant to §1983 (DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED)

125. Paragraphs 1 through 124 are hereby re-alleged and incorporated by reference herein.

126. That while Plaintiff was in the custody of Defendants, CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-10, the deprivation of medical attention for Plaintiff's physical injuries presented a condition of urgency for Plaintiff; one that could have produced degeneration and even death.

127. That the above-mentioned deprivation caused extreme pain and suffering to Plaintiff, and that Defendants, CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER

NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE

DOE(S) #'S 1-10, were all made aware of Plaintiff's serious medical needs, but

consciously disregarded a substantial risk of serious harm to Plaintiff by refusing to

give him medical attention even though he was requesting it and it was clear he was

badly injured.

128.   That Defendants, CITY OF NEW YORK, NYC DEPARTMENT OF

CORRECTIONS, DOC COMMISSIONER JOSEPH PONTE, LEWIS

FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER

NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE

DOE(S) #'S 1-10, Police Officer(s), Detectives, and/or other agents and/or employees

of the New York City Department of Corrections, deprived Plaintiff of his liberty by

denying Plaintiff medical attention with indifference to his medically urgent needs in

violation of the Laws of the State of New York, all while in the scope and furtherance

of their employment.

129.   That as a direct, proximate cause of Defendants', CITY OF NEW YORK, NYC

DEPARTMENT OF CORRECTIONS, DOC COMMISSIONER JOSEPH PONTE,

LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION

OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and

JOHN/JANE DOE(S) #'S 1-10, medical indifference to Plaintiff's dire medical

needs, Plaintiff has suffered great physical and emotional injuries, resulting in pain

and suffering and emotional distress, as well as extreme mental anguish, outrage,

severe anxiety, painful embarrassment, periods of depression, disruption of his life

26

and loss of enjoyment of the ordinary pleasures of everyday life, and that as a result

of the foregoing, the Plaintiff has sustained damages.

## XVII. THIRTEENTH CAUSE OF ACTION
### Pursuant to State Law (DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED)

130.   Paragraphs 1 through 129 are hereby re-alleged and incorporated by reference herein.

131.   That while Plaintiff was in the custody of Defendants, DOC COMMISSIONER

JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN,

CORRECTION OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN

JIMINIAN and JOHN/JANE DOE(S) #'S 1-10, the deprivation of medical attention

for Plaintiff's injuries presented a condition of urgency for Plaintiff; one that could

have produced degeneration and even death.

132.   That the above-mentioned deprivation caused extreme pain and suffering to Plaintiff,

and that Defendants, DOC COMMISSIONER JOSEPH PONTE, LEWIS

FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER

NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE

DOE(S) #'S 1-10, were all made aware of Plaintiff's serious medical needs, but

consciously disregarded a substantial risk of serious harm to Plaintiff by refusing to

provide him with medical attention.

133.   That Defendants, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN,

MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER NAKIA GALES,

CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-

10, Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Department of Corrections, deprived Plaintiff of his liberty by denying Plaintiff medical attention with indifference to his medically urgent needs in violation of the Laws of the State of New York, all while in the scope and furtherance of their employment.

134.     That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they deprived him of medical attention in violation of the Laws of the State of New York. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XVIII. FOURTEENTH CAUSE OF ACTION
### Pursuant to State Law (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

135.     Paragraphs 1 through 134 are hereby re-alleged and incorporated by reference herein.

136.     That as a result of the aforementioned incidents intentionally caused by Defendants, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-10, Plaintiff suffered severe emotional distress and physical injuries.

137. That as a result of the aforementioned extreme and outrageous conduct negligently inflicted by Defendants, Plaintiff suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension, serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, and physical injuries, all of which are permanent in nature.

## XIX. FIFTEENTH CAUSE OF ACTION
### Pursuant to State Law (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

138. Paragraphs 1 through 137 are hereby re-alleged and incorporated by reference herein.

139. That as a result of the aforementioned incidents intentionally caused by Defendants, DOC COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-10, Plaintiff suffered severe emotional and/or mental distress.

140. That as a result of the aforementioned extreme and outrageous conduct intentionally inflicted by Defendants, Plaintiff suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension, serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, all of which are permanent in nature.

29

## XX. SIXTEENTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

141. Paragraphs 1 through 140 are hereby re-alleged and incorporated by reference herein.

142. That at all times, all Defendants, DOC COMMISSIONER JOSEPH PONTE, LEWIS
     FINKLEMAN, MARK SCOTT, LINDA GRIFFIN, CORRECTION OFFICER
     NAKIA GALES, CORRECTION OFFICER HERMAN JIMINIAN and JOHN/JANE
     DOE(S) #'S 1-10, were acting within the scope of their employment.

143. That Defendant CITY was able to exercise control over Defendant Officers'
     activities.

144. That Defendant CITY is liable for Defendant Officers' actions under the doctrine of
     *respondeat superior*.

145. By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries,
     economic injury, trauma, humiliation, terror, damage to reputation, and other
     psychological injuries. All of said injuries may be permanent.


**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and

will continue to suffer, emotional pain, suffering, inconvenience, injury to his

reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses.

Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

    1. Awarding Plaintiff compensatory damages in a full and fair sum to be

       determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from January 29th, 2014; and

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
        October 9, 2015

Yours, etc.

MATTHEW WALLER, ESQ.
*ATTORNEY FOR PLAINTIFF*
LAW OFFICE OF MATTHEW B. WALLER, ESQ.

JUSTIN M. ROPER, ESQ.
EVAN H. NASS, ESQ.
*ATTORNEYS FOR PLAINTIFF*
NASS & ROPER LAW LLP

31

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW LLP, attorneys for Plaintiff, GILBERT BACALLAO. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:    New York, New York
          October 9, 2015

                                        JUSTIN M. ROPER, ESQ.

32

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GILBERT BACALLAO,

                  Plaintiff,

  – against –

CITY OF NEW YORK, NYC DEPARTMENT OF CORRECTIONS, DOC
COMMISSIONER JOSEPH PONTE, LEWIS FINKLEMAN, MARK SCOTT, LINDA
GRIFFIN, CORRECTION OFFICER NAKIA GALES, CORRECTION OFFICER
HERMAN JIMINIAN and JOHN/JANE DOE(S) #'S 1-10,

                  Defendants.

---

## VERIFIED COMPLAINT

---

**LAW OFFICE OF MATTHEW B. WALLER, ESQ.**
*Attorneys for Plaintiff*
**GILBERT BACALLAO**
20 Vesey St. Suite 503
New York, New York 10007
(212) 766-4411

**NASS & ROPER LAW LLP**
*Attorneys for Plaintiff*
**GILBERT BACALLAO**
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246\*

---

\* Not for service of papers.

33