

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

ANGHARAD K. WILSON
*Assistant Corporation Counsel*
Phone: (212) 356-2572
Fax: (212) 356-3509
awilson@law.nyc.gov

January 4, 2016

**BY ECF**

Honorable Thomas P. Grisea
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>Gilbert Bacallao v. City of New York, et al.</u>, 15 CV 07992 (TPG)

Your Honor:

        I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, assigned to the defense of this matter on behalf of the City of New York ("City"). We write to respectfully request a stay of the present civil proceedings pending resolution of the criminal prosecution of two defendants in this matter, Correction Officer Nakia Gales and Correction Officer Herman Jiminian, which is currently pending in Bronx County under Indictment No. 2565/2015. The charges stem from the incident that is the subject matter of this lawsuit. A copy of the indictment is attached to the complaint as Exhibit B.

        Plaintiff alleges that, on January 29, 2014, at the Vernon C. Bain Center on Riker's Island, he was led into a room by CO Gales and CO Jiminian. The correction officers then allegedly allowed a number of other inmates to come into the room and assault plaintiff. The officers are also alleged to have struck plaintiff themselves. Plaintiff further alleges that, after the assault, he requested medical attention, and was denied by the defendant correction officers. The complaint goes on to state that defendants caused plaintiff to be arrested on June 5, 2014 in connection with the January 29th incident, and fraudulently testified in front of the grand jury in order to secure plaintiff's indictment. The charges against plaintiff were eventually dismissed on October 16, 2014.

Both officers are currently charged with, *inter alia*, Assault in the Second Degree in violation of NYPL § 120.05(7), Falsifying Business Records in the First Degree in violation of NYPL § 175.10, Offering a False Instrument for Filing in the First Degree in violation of NYPL § 175.35, and Official Misconduct in violation of NYPL § 190.00(1). They were indicted on September 16, 2015, and their next court appearance in this case is scheduled for February 1, 2016.

We submit, respectfully, that the present civil action should be stayed pending resolution of the criminal matter. "It is well-settled that the Court may (and indeed should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." *Estes-El v. Long Island Jewish Medical Center*, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) (citing cases). *See also Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (upholding district court's exercise of discretion in staying civil proceedings until resolution of parallel criminal proceedings against the defendant). "[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375-76 (D.C Cir. 1980) (en banc). *See also Volmar Distributors, Inc. v. The New York Post Co.*, 152 F.R.D. 36, 39-40 (S.D.N.Y. 1993) (granting stay of civil suit against defendants who had been indicted on the same matters); *Twenty-First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1010-11 (E.D.N.Y. 1992) (same); *United States v. Certain Real Property*, 751 F. Supp. 1060, 1062-63 (E.D.N.Y. 1989) (same).

The reasons for granting a stay have been summarized as follows: "The non-criminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b) [or governing state law], expose the basis of the defense to the prosecution in advance of the criminal trial, or otherwise prejudice the case." *Certain Real Property*, 751 F. Supp. at 1062 (quoting *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)). In deciding whether to grant the stay, the district court should consider (1) the private interest of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed, (2) the private interests of, and burden on, the defendant, (3) the convenience of the courts, (4) the interests of persons not parties to the civil litigation, and (5) the public interest. *Twenty-First Century Corp.*, 801 F. Supp. at 1010.

Defendants Gales and Jiminian are the subject of a currently pending indictment, the top count of which, Assault in the Second Degree, is a Class D felony under New York law, carrying with it maximum sentence of seven years imprisonment. These defendants are under indictment for an unquestionably serious offense, and they should not be required to simultaneously defend against a civil lawsuit regarding the same matter. Their Fifth Amendment privilege against self-incrimination is implicated, as well as the possibility that the basis of the defense will be revealed to the prosecution in advance of a trial. The prejudice to these defendants would be great, if the civil case were to proceed.

Moreover, it is in the interest of the convenience of the courts to stay the civil matter until the criminal case is resolved. The criminal case may resolve a number of issues of

central importance to the civil case, which would ease the burden on both sides when discovery in the civil case gets under way. Further, if the criminal matter ends up being tried, there will likely be sworn testimony of at least some of the witnesses in this case, which should make depositions shorter and easier to conduct in the civil case.

The next appearance in the criminal case is scheduled for February 1, 2016. If the Court requires, we will provide a status update after that appearance or at any other interval set by the Court.

Plaintiff is unlikely to suffer significant prejudice as a result of the delay in the case. Any prejudice plaintiff might suffer by staying the proceedings is far outweighed by the prejudice that defendants Gales and Jiminian would suffer if the case were to proceed. Furthermore, it is in the interest of the Court to stay the proceeding until these underlying matters have been adjudicated.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/

Angharad Wilson
Assistant Corporation Counsel


cc:   Matthew Waller, Esq. (via ECF)
      Justin Roper, Esq. (via ECF)